**STATE of Minnesota, Respondent,**

v.

**Ray E. ULRICH, Appellant.**

**No. A12–1463.**

Court of Appeals of Minnesota.

April 8, 2013.

Lori Swanson, Minnesota Attorney General, St. Paul, MN; and Stephanie L. Beckman, Meeker County Attorney, Angella M. Erickson, Assistant County Attorney, Litchfield, MN, for respondent.

Robert D. Schaps, Schaps & Kluver, P.A., Litchfield, MN, for appellant.

Considered and decided by CLEARY, Presiding Judge; HOOTEN, Judge; and SMITH, Judge.

## OPINION

SMITH, Judge.

Appellant challenges the district court's order that he register as a predatory offender pursuant to Minn.Stat. § 243.166, subd. 1b(a)(2). Because application of Minn.Stat. § 243.166, subd. 1b(a)(2), to Minn.Stat. § 609.352 (2010) is limited to offenses involving "soliciting a minor to engage in sexual conduct," predatory-offender registration is not required for violations of Minn.Stat. § 609.352, subd. 2a(2)–(3). We reverse.

## FACTS

Appellant Ray Ulrich was charged with violating Minnesota Statute section 609.352, subdivision 2a(2) (use of electronics to engage "in communication with a child ... describing sexual conduct"), and

section 609.352, subdivision 2a(3) (use of electronics to distribute "any material, language, or communication, including a photographic or video image, that relates to or describes sexual conduct to a child"). Ulrich pleaded guilty to violating section 609.352, subdivision 2a(2), and the district court dismissed the charge regarding section 609.352, subdivision 2a(3).

At the sentencing hearing, Ulrich argued that section 243.166, subdivision 1b(a)(2), requiring predatory-offender registration, did not apply to his charges or conviction. The district court disagreed and placed Ulrich on probation subject to conditions, including that Ulrich register as a predatory offender. This appeal followed.

### ISSUE

Does Minn.Stat. § 243.166, subd. 1b(a)(2), mandate registration for offenses committed in violation of Minn.Stat. § 609.352, subd. 2a(2)–(3)?

### ANALYSIS

Ulrich argues that the district court erroneously applied section 243.166, subdivision 1b(a)(2), by requiring him to register as a predatory offender. We review statutory interpretation issues de novo. *State v. Peck,* 773 N.W.2d 768, 771 (Minn.2009). When interpreting a statute, a court must give the statute's words and phrases their plain and ordinary meaning. *State v. Koenig,* 666 N.W.2d 366, 372 (Minn.2003). Minnesota canons of statutory construction dictate that "general words are construed to be restricted in their meaning by preceding particular words." Minn.Stat. § 645.08 (2010). We may look beyond plain language only if the literal meaning of a statute leads to an absurd result that utterly departs from legislative purpose. *Wegener v. Comm'r of Revenue,* 505 N.W.2d 612, 617 (Minn.1993). A statute's

heading is not part of the statute, and it does not establish the statute's scope or meaning. Minn.Stat. § 645.49 (2010).

The primary purpose of section 243.166 is to create a sexual-offender registry to assist law enforcement with investigations. *Boutin v. LaFleur,* 591 N.W.2d 711, 717 (Minn.1999). A person must register as a predatory offender under section 243.166, subdivision 1b(a)(2), if he or she "was charged with ... soliciting a minor to engage in sexual conduct in violation of section 609.352 ... and convicted of ... that offense or another offense arising out of the same set of circumstances."

Section 609.352, subdivision 2a, "electronic solicitation of children," provides that a person is guilty of a felony if he or she, with the intent to arouse sexual desire of any person, uses electronics for

> (1) soliciting a child or someone the person reasonably believes is a child to engage in sexual conduct;

> (2) engaging in communication with a child or someone the person reasonably believes is a child, relating to or describing sexual conduct; or

> (3) distributing any material, language, or communication, including a photographic or video image, that relates to or describes sexual conduct to a child or someone the person reasonably believes is a child.

Ulrich argues that because section 243.166, subdivision 1b(a)(2), requires predatory-offender registration for "soliciting a minor to engage in sexual conduct in violation of section 609.352," the statute does not require registration for violations of section 609.352, subdivision 2a(2)–(3), because they do not discuss soliciting a minor to engage in sexual conduct.

Ulrich's argument is persuasive. The plain language of section 243.166, subdivision 1b(a)(2), does not indicate that all

offenses in violation of section 609.352, subdivision 2a, require registration as a predatory offender. Instead, the statute provides that predatory-offender registration is required for "soliciting a minor to engage in sexual conduct in violation of section 609.352." Because the statute limits the application of section 609.352 to "soliciting a minor to engage in sexual conduct" and because we are mindful of the legislative directive that general words are restricted by the preceding particular words, we conclude that the statute does not require predatory-offender registration for violations of section 609.352 that do not involve soliciting a minor to engage in sexual conduct. *See* Minn.Stat. § 645.08.

We have carefully considered the state's argument that, because section 243.166, subdivision 1b(a), contains specific clauses, paragraphs, and subdivisions for several other offenses,[1] section 609.352's lack of specificity implies that it encompasses all violations of section 609.352, subdivision 2a. However, although the legislature may have intended to require registration for all offenses in violation of section 609.352, we will not disregard the letter of the law under the pretext of pursuing the spirit. *See* Minn.Stat. § 645.16 (2010). Moreover, a review of the relevant statutes' legislative histories did not elucidate whether the legislature intended the predatory-offender-registration statute to encompass all offenses covered under section 609.352, subdivision 2a. The district court erred in ordering that Ulrich, who was only charged with violating section 609.352, subdivision 2a(2)–(3), and convicted of violating section 609.352, subdivision 2a(2), to register as a predatory offender in accor-

dance with section 243.166, subdivision 1b(a)(2). Therefore, we reverse the district court's order.

## DECISION

Under the plain language of Minn.Stat. § 243.166, subd. 1b(a)(2), its application to Minn.Stat. § 609.352 is limited to offenses involving "soliciting a minor to engage in sexual conduct." Actual solicitation is governed by Minn.Stat. § 609.352, subd. 2a(1). Being charged or convicted of Minn.Stat. § 609.352, subd. 2a(2)–(3), which relates to communication or material distribution, does not mandate predatory-offender registration unless the conviction arises from the same set of circumstances as the actual solicitation charged under subdivision 2a(1).

**Reversed.**

---

1. These provisions of section 243.166, subdivision 1b(a), include: "murder under section 609.185, paragraph (a), clause (2)"; "criminal sexual conduct under section ... 609.3451, subdivision 3"; "indecent exposure under section 617.23, subdivision 3"; "false imprisonment in violation of section 609.255, subdivision 2"; and "sentenced as a patterned sex offender under section 609.3455, subdivision 3a." Minn.Stat. § 243.166, subd. 1b(a)(1)(ii)–(iv), (2)–(3) (2010).